**UNITED STATES**

v.

**Staff Sergeant Joseph R. JOHNSON, FR 526–49–3773, United States Air Force.**

**ACM 24041.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 March 1983.

Decided 16 Dec. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V.

Sullivan. A brief on behalf of the accused was filed by Lieutenant Colonel Michael B. McShane.

Appellate Counsel for the Government: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

PER CURIAM:

The accused has submitted a number of assignments of error in an excellent Article 38(c), U.C.M.J., 10 U.S.C. § 838(e), brief filed by his trial defense counsel. We find the first assigned error dispositive of this case and reverse. That error is:

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY REFUSING TO INSTRUCT ON THE DEFENSE OF ENTRAPMENT.

The accused was found guilty, contrary to his plea, by a court consisting of members, of using marijuana on 21 July 1982 and transferring marijuana on 27 July 1982. The evidence introduced at trial pertaining to the use of marijuana indicates that the marijuana was supplied to the accused by Office of Special Investigations Agent M. The accused then proceeded to roll four marijuana cigarettes and smoke them with Agent M, Airman First Class B, an Office of Special Investigations informant, and others. The evidence pertaining to the transfer offenses was that A1C B called the accused and inquired whether he could get some marijuana. Upon receiving an affirmative response from the accused, A1C B arranged to meet the accused to purchase approximately two ounces of marijuana for $100.00. On the appointed day, the accused met A1C B and Agent M off base and transferred one ounce of marijuana to each in exchange for a total of $100.00.

It is clearly apparent from the record that the defense's entire case was predicated on entrapment. In his opening state-

ment, trial defense counsel explained that the accused would be the main witness for the defense and would admit to what had transpired, but that he was entrapped into committing the offenses.

The accused took the stand and testified to substantially the same version of the facts as the prosecution witnesses. However, he also testified that if Agent M had not produced the marijuana, he would not have smoked it. Additionally, he claimed that A1C B pestered him daily after 21 July 1982 to procure some marijuana until the accused finally succumbed. He further testified that he made no profit on the transfers and that he never would have made the transfers if A1C B had not constantly pressured him.

At this point the defense of entrapment was clearly raised and should have been instructed upon. *United States v. Stewart*, 20 U.S.C.M.A. 300, 43 C.M.R. 140 (1971). However, the accused further testified that he had used and transferred marijuana with friends on approximately 10 to 15 different occasions. Based on this evidence, the military judge refused to instruct the members on the entrapment defense, finding that the accused was predisposed to use and transfer marijuana *as a matter of law* so that the defense of entrapment was thus not raised. In light of these developments, trial defense counsel stated that he had no final argument to present and moved for a mistrial, which was denied.

We hold that the ruling of the military judge was error. The Court of Military Appeals recently addressed the issue of entrapment in *United States v. Vanzandt*, 14 M.J. 332 (C.M.A.1982). After tracing its history and various Supreme Court interpretations of the entrapment defense, the Court identified certain rules which govern the topic. These were:

First, the defense is not raised unless the accused's commission of the alleged criminal act is proven beyond reasonable doubt, and there is evidence that the suggestion or inducement for the offense originated with a government agent.

Second, once the defense is raised, the Government must prove that the accused was predisposed to commit the criminal activity and needed only the opportunity to commit the crime. Third, *with one limited exception, the issue must be resolved by the fact finder.* (Emphasis added.)

In a footnote to the third rule, the Court indicates that the "limited exception" is the due process defense,* which is one of law to be decided by the military judge.

The military judge had correctly ruled earlier that the due process defense did not apply. In refusing to give the entrapment instruction the military judge erred; he apparently confused (a) who determines whether an entrapment defense has been raised with (b) who decides the factual issue of whether the defense has been overcome because of the accused's predisposition to commit like offenses. The former decision is made by the military judge; the latter decision by the fact finder, *U.S. v. Vanzandt, supra,* in this case the court members. By refusing to give an instruction on entrapment, the military judge precluded the issue from going to the fact finder for resolution. Prejudice is apparent.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

---

* *See generally Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).